UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>MIGUEL ASCENCIO GARCIA,<br><br>        Defendant. | Case No. 14-cr-00537-VC-1<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE, GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 38, 39, 46 |

**1.** The defendant's motion to dismiss the indictment based on outrageous government conduct is denied. A defendant seeking dismissal of an indictment must prove that the government's conduct was so "excessive, flagrant, scandalous, intolerable, and offensive as to violate due process." *United States v. Edmonds*, 103 F.3d 822, 825 (9th Cir. 1996). The alleged outrageous conduct of which the defendant complains does not rise to the level of a due process violation. *See United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991) (cataloging examples of arguably outrageous conduct that has been upheld in the face of due process challenges).

**2.** The defendant's motion to dismiss the indictment based on the alleged invalidity of the underlying order of removal is denied. Even assuming that the defendant did not validly waive his right to appeal the removal order, and further assuming that the defendant did not validly waive his right to counsel, the defendant cannot show that the removal order was fundamentally unfair. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). The defendant argues he was prejudiced by an invalid waiver of his right to counsel because, had he been represented, his counsel could have advised the defendant to seek to withdraw his guilty plea in the criminal case that served as a predicate to his removal. He contends he would have had grounds to withdraw the plea based on his counsel's failure, in the criminal case, to fully inform him of the immigration consequences of pleading guilty to an aggravated felony. *See United*

1  *States v. Bonilla*, 637 F.3d 980, 986 (9th Cir. 2011).  But even if the defendant's counsel in the

2  criminal case failed to adequately inform him of the consequences of pleading guilty, the

3  defendant concedes that the Superior Court judge informed him that a guilty plea "would" result in

4  the defendant being deported.  Thus, unlike in *Bonilla*, here the defendant had knowledge of the

5  immigration consequences of his plea prior to pleading guilty.  Consequently, the defendant has

6  not made a plausible case that he could have avoided removal if he had been represented in the

7  immigration proceedings.  *See, e.g.*, *Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007)

8  (holding that "Womack was not prejudiced by his counsel's [mischaracterization of the likely

9  outcome of the plea] because the plea agreement and the state district court's plea canvass alerted

10 Womack to the potential consequences of his guilty plea").

**3.** For the reasons stated on the record in the pretrial conference, the Court rules as follows the defendant's motions in limine:

- o The defendant's Motion in Limine No. 1, to exclude any unnoticed 404(b) evidence, is granted.
- o The defendant's Motion in Limine No. 2, to exclude or limit evidence of the defendant's prior criminal conviction, is granted in part.
- o The defendant's Motion in Limine No. 3, to exclude the Warrants of Removal, is denied.
- o The defendant's Motion in Limine No. 4, to exclude the Notice to Appear, is granted.
- o The defendant's Motion in Limine No. 5, to exclude the Certificate of Non-Existence of Record, is denied as moot.
- o The defendant's Motion in Limine No. 6, to exclude the I-213 reports, is denied as moot.

The parties will meet and confer on redactions to any documents.

**4.** For the reasons stated on the record in the pretrial conference, the Court rules as follows the government's motions in limine:

- o The government's Motion in Limine No. 1, to admit documents in the defendant's alien file, is granted in part and denied as moot in part (denied as moot with respect to the I-213 reports).

- o The government's Motion in Limine No. 2, to exclude references to punishment, including references to the defendant's liberty being at stake and other comparable references, is granted.

- o The government's Motion in Limine No. 3, to exclude information not in evidence, is granted.

- o The government's Motion in Limine No. 4, to exclude extrinsic evidence for impeachment purposes, is granted.

- o The government's Motion in Limine No. 5, to exclude material not produced under Rule 16(b), is granted.

- o The government's Motion in Limine No. 6, to exclude assertions about the illegality of the defendant's prior removal, is granted.

- o The government's Motion in Limine No. 7, to exclude references to the defendant's belief that his reentry into the United States was lawful, is granted.

- o The government's Motion in Limine No. 8, to preclude the defendant from inquiring about the basis for the defendant's arrest by ICE agents, is granted.

**IT IS SO ORDERED.**

Dated:  April 16, 2015

_____
VINCE CHHABRIA
United States District Judge